IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS O. TATE,                          *
                                         *
         Plaintiff,                      *
v.                                       *
                                         *   CIVIL ACTION NO. 18-00077-KD-B
NATIONALIST GOVERNMENT                   *
SOVEREIGN INHABITANTS,                   *
*et. al.*,                               *
                                         *
         Defendants.                     *

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff Marcus O. Tate's[1] Complaint and Motion to Proceed *In Forma Pauperis*.[2] (Docs. 1, 11). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons set forth below, the it is RECOMMENDED that Plaintiff's motion to proceed *in forma pauperis*

---

[1] Plaintiff, a frequent litigant before this Court, utilizes a variety of aliases. Indeed, in the instant action, he refers to himself as "Honorable Imperial Emperor Marcus O. Tate-El-Bey-Tey-Washitaw." (Doc. 1 at 32, 33, 37). However, the Alabama Department of Corrections lists Plaintiff's legal name as Marcus Taite, AIS No. 180664.

[2] This Court, in an Order dated March 8, 2018 (doc. 4), observed that Tate did not pay the statutory filing fee or file a motion to proceed without prepayment of fees when he initiated this action. Accordingly, Tate was directed to pay the $400.00 statutory filing fee by April 9, 2018, or, in lieu thereof, file a motion to proceed without prepayment of fees by April 9, 2018. (Id.). On April 13, 2018, rather than complying with the Court's directive, Tate filed a "Motion for Injunction [sic] Relief" (doc. 8), wherein he requested additional time to comply with the Court's Order dated March 8, 2018. The Court granted that request and ordered Tate to pay the statutory filing fee or file a motion to proceed without prepayment of fees by May 17, 2018. (Doc. 9). On May 3, 2018, Tate filed the instant motion to proceed without prepayment of fees. (Doc. 11).

be **DENIED,** and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

**I. BACKGROUND**

This action is before the Court on Tate's handwritten complaint, submitted on February 15, 2018, and ostensibly filed under 42 U.S.C. § 1981.[4] (Doc. 1). Tate lists as Defendants the Nationalist Government Sovereign Inhabitants, the Alabama Legislative Body, the Alabama Executive Body, the Alabama Judicial Body, the Alabama State Baptist Board and Members, and the Alabama State Poarch Band of Creek Indians. (Id. at 13-14). The complaint consists of thirty-seven (37) pages of rambling assertions, references to prior cases that have no bearing on the instant complaint, and copies of documents that only tangentially relate to Tate's claim. (Id.). A close reading and liberal construction of Tate's filing leads this Court to infer that the gist of Tate's claim is that the land on which the Poarch Band of Creek Indians occupy belongs to Tate and his relatives, who claim to be

---

[3] In light of the Court's recommendation that this action be dismissed, the undersigned also recommends that Tate's motion to amend his complaint (doc. 6) and motion to stay (doc. 14) be **DENIED as moot.**

[4] This action is not being treated as having arisen under 42 U.S.C. § 1983 because Tate is not alleging a violation of a constitutional right committed by a person acting under the color of state law. See 42 U.S.C. § 1983; Holmes v. Crosby, 418 F.3d 1256, 1259 (11th Cir. 2005).

descendants of, and the rightful heirs, to the land.[5] (Id. at 14-17, 24-25).

## II. STANDARD OF REVIEW

As a preliminary matter, the undersigned observes that when considering a pro se litigant's allegations, a court gives them a liberal construction, holding the litigant to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Since Plaintiff has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. to § 1915 (hereafter referenced as "Section 1915"), the screening provision of Section 1915(e) is applicable.

---

[5] This interpretation is bolstered by a note in Tate's motion to proceed without prepayment of fees, wherein he states, "We want our Promised Land Legacy from false fraudulent [Poarch Band of Creek Indians] and Alabama State's [sic,] etal. [sic.]" (Doc. 11 at 3).

3

Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

. . .

(B) the action or appeal –
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action may be dismissed as frivolous "where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).[6] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. Further, a claim may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff

---

[6] Nietzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965-66 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

Tate's complaint consists of a number of rambling conclusory allegations that are difficult to decipher. As best the Court can discern, Tate is claiming a birthright inheritance to land on which an entire population of indigenous Americans have resided for centuries. He has advanced no facts in support of this notion, other than conclusory, disjointed statements and documents that do nothing to bolster his claim. Tate's claim is, at best, fantastical and frivolous, such that he is precluded from proceeding with this action under 28 U.S.C. § 1915(e)(2)(B)(i); see also Neitzke, 490 U.S. at 328, 109 S. Ct. at 1833; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) ("A case is frivolous for [section 1915(e)(2)(B)(i)] when it appears the plaintiff 'has little or no chance of

5

success.'") (internal citations omitted). Thus, Tate's complaint should be dismissed as frivolous.

Assuming, *arguendo*, that Tate's complaint was not frivolous, it would still be subject to dismissal because the complaint fails to state a claim upon which relief may be granted. A liberal reading of Tate's complaint fails to reveal any facts that suggest, let alone demonstrate, that Tate was deprived of a federal right. Simply put, the complaint is devoid of any facts that allow the Court to draw the reasonable inference that Defendants are liable to Tate. Iqbal, 556 U.S. at 678. Accordingly, the undersigned finds that Tate has failed to allege sufficient facts to state a plausible claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. CONCLUSION**

Based upon the foregoing reasons, it is RECOMMENDED that Plaintiff's motion to proceed in forma pauperis be **DENIED,** and that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim upon which relief may be granted.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **25th** day of **May, 2018.**

                                             **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**